**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Women's Center; Family Planning Associates; William Richardson, M.D.; Paul A. Isaacson, M.D.; and Frank Laudonio, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Arizona Medical Board; Lisa Wynn, in her official capacity as Executive Director of the Arizona Medical Board; and Terry Goddard, in his official capacity as Attorney General of Arizona, <br><br> Defendants. | No. CV-09-1909-PHX-DGC <br><br> **ORDER** |

On September 29, 2009, the Court entered an order denying Plaintiffs' request that the Court enjoin enforcement of the payment provision found in A.R.S. § 36-2153(D). Dkt. #65. Plaintiffs have appealed that decision, and now ask the Court to enjoin enforcement of the statute pending completion of the appeal. Dkt. #95. The motion is fully briefed. Dkt. ##102, 103, 105. No party has requested oral argument. For the reasons that follow, the Court will deny Plaintiffs' request.

**I.    Legal Standard.**

Rule 62 of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's right." Fed. R. Civ. P. 62(c). A party seeking

relief under Rule 62 "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that a stay is in the public interest." *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, — U.S. —, 129 S. Ct. 365, 374 (2008)); *see Nken v. Holder*, — U.S. —, 129 S. Ct. 1749, 1761 (2009). The first two factors of the four-part test – likelihood of success on the merits and irreparable injury – are the most critical and must be satisfied before the second two factors are considered. *Nken*, 129 S. Ct. at 1761 (citing *Winter*, 129 S. Ct. at 375).[1]

## II. Discussion.

The payment provision states that a person shall not "require or obtain payment for a service provided to a patient who has inquired about an abortion or scheduled an abortion until the expiration of the twenty-four hour reflection period required by subsection A [of section 36-2153]." A.R.S. § 36-2153(D). A physician who knowingly violates this provision "commits an act of unprofessional conduct and is subject to license suspension or revocation[.]" A.R.S. § 36-2153(F).

Plaintiffs' vagueness argument focuses on the words "has inquired about." Plaintiffs concede that the payment provision is clear as it applies to abortion doctors. The patients of such doctors must be afforded the informed consent and 24-hour waiting period prescribed

---

[1] Plaintiffs suggest in a footnote that the Court should apply the sliding scale analysis previously used by the Ninth Circuit for injunctive relief and stays pending appeal. Dkt. #95 n. 4. *See, e.g., Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) (stating that a party seeking a stay must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips in its favor). In support of this suggestion, Plaintiffs cite an unpublished decision of the Ninth Circuit, *Greater Yellowstone Coalition v. Timick*, 323 Fed. Appx. 512, 514 (9th Cir. April 10, 2009). The Court concludes that it should follow the standard set forth in published Ninth Circuit cases. *See Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (preliminary injunction); *Humane Soc'y of the U.S.*, 558 F.3d at 896 (stay pending appeal); *see also Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, No. CIV 2-04-2265 FCD KJM, 2009 WL 2971547, at *2 n.3 (E.D. Cal. Sept. 14, 2009) (refusing to apply sliding scale to a request for stay).

by A.R.S. § 36-2153(A), and the payment provision makes clear that such doctors may charge for their services only after the waiting period has expired. Dkt. #6 at 29. Plaintiffs contend that the provision is unconstitutionally vague, however, when it comes to doctors who do not perform abortions. Such doctors may well have patients who "inquire[] about an abortion" within the meaning of the statute, but who take no steps to obtain one. Once triggered by such an inquiry, Plaintiffs contend, the payment provision would prohibit such physicians from charging for their services even if the patient never seeks an abortion. Plaintiffs assert that the payment provision gives no guidance to physicians in this position, forcing them to guess at when or how they can charge for non-abortion services without risking suspension or revocation of their licenses. *Id.*; *see* Dkt. #56 at 21 n.20. Plaintiffs also argue that such a vague provision lends itself to arbitrary enforcement. Dkt. #6 at 29.

Defendants argue that the purpose of the payment provision is to prevent abortion providers from creating a financial incentive for a woman to have an abortion by requiring her to pay for the procedure before the 24-hour waiting period. Dkt. #51 at 23. Plaintiffs' concerns about non-abortion doctors are unwarranted, Defendants argue, because the provision applies only when a patient must be provided informed consent under subsection (A), and that occurs only when the patient seeks an abortion. Dkt. #51 at 22. The payment restriction does not apply to patients who merely inquire about an abortion because those patients need not give the informed consent under subsection (A). *Id.* at 22-23.

In addressing these arguments, the Court found the payment provision to be ambiguous because a person who has "inquired about" abortion services could include patients not seeking an abortion and inquiries of doctors who do not perform abortions. Dkt. #65 at 20. Applying Arizona principles of statutory construction, however, the Court concluded that the statute does not apply to non-abortion providers. After considering the intent of the statute, the context of the ambiguous phrase, the legislative intent, and the maxim that statutes are to be construed to avoid constitutional problems, the Court concluded:

> Given the singular focus of the statute and the context of the ambiguous phrase, the Court concludes that the payment provision was intended to regulate only abortion providers. Nothing in the Act suggests that other health care services were targeted. The Court concludes that the payment provision most reasonably can be read as applying only in those consultations and services attached to the performing or inducing of abortions. Inquiries outside of this context, such as inquiries made to a doctor practicing obstetrics and gynecology, are not covered by the provision. So construed, the payment provision is not unconstitutionally vague.

*Id.* at 21-22.

The Court continues to view this interpretation as correct. Nothing in Plaintiffs' motion persuades the Court that its construction of the payment provision was inaccurate or unreasonable. The Court therefore continues to conclude, as it did in its previous order, that Plaintiffs are not likely to succeed on the merits of their claim. *Id.* at 23.

Plaintiffs note that the Court certified this question to the Arizona Supreme Court, which declined review. But this fact merely confirms that the only existing court interpretation of A.R.S. § 36-2153(D) is this Court's conclusion that it does not apply to non-abortion providers. The Arizona Supreme Court's decision to deny review does not in any way undermine the Court's conclusion that the correct reading of the statute renders it constitutional.

Citing *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 932 (9th Cir. 2004), Plaintiffs argue that the Court's construction of the payment provision violates the rule that federal courts should adopt only "reasonable and readily apparent" constructions of state statutes. The *Wasden* court, however, went on to provide this explanation:

> This is not to say, of course, that federal courts may never construe state statutes. Where, however, as here, any limiting construction would impinge upon the separation of powers within Idaho's government by construing a statute against the legislature's likely intent, the equitable discretion of federal courts asked to enjoin state statutes is best employed by avoiding unnecessary, and ultimately meaningless, forays into rewriting state laws. It is enough for us to observe that the plain meaning of the statute is unconstitutional, and that any constitutional construction is not "readily apparent."

*Id.*

The Court's construction of the payment provision was not "against the legislature's likely intent." Rather, consistent with *Wasden*'s instruction that this Court must interpret the

statute as would an Arizona state court, 376 F.3d at 925, the Court looked to Arizona principles of statutory construction. Dkt. #65 at 20 (citing *Wasden*). Those principles directed the Court to "'determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.'" Dkt. #65 at 20-21 (quoting *Zamora v. Reinstein*, 915 P.2d 1227, 1230 (Ariz. 1996) (en banc) (stating that statutes should be interpreted "'to achieve the general legislative goals that can be adduced from the body of legislation in question'") (citation omitted)). Considering these factors, the Court concluded that the legislature intended the payment provision to apply only to abortion providers. Dkt. #65 at 20-22. Thus, the Court's decision was consistent with, not contrary to, the intent of the Arizona legislature. The Court does not agree that it adopted an interpretation that was unreasonable or not readily apparent. To the contrary, the Court expressly found its reading of the payment provision to be the "most reasonable." *Id*. at 23.

### III. Conclusion.

Plaintiffs have not shown they are likely to succeed on the merits of their appeal. Given this conclusion, Plaintiffs are not entitled to an injunction pending appeal and the Court need not address the remaining elements of the Rule 62(c) standard.

**IT IS ORDERED** that Plaintiffs' motion for an injunction pending appeal (Dkt. #95) is **denied**.

DATED this 15th day of January, 2010.

_____
David G. Campbell
United States District Judge